**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20997

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO ROSQUETE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

March 10, 1998

Before WISDOM, HIGGINBOTHAM and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Alfredo Rosquete, federal prisoner # 60237-079, appeals the denial of his motion to vacate

his sentence pursuant to 28 U.S.C. § 2255. Finding that such review would be an improper exercise

of our jurisdiction, we hereby dismiss Rosquete's appeal.

### FACTUAL BACKGROUND & PROCEDURAL HISTORY

On November 24, 1992, a federal grand jury charged Rosquete in a one-count indictment with

aiding and abetting in the possession with intent to distribute in excess of 5 kilograms of cocaine.

Rosquete entered a plea of not guilty and moved to suppress the evidence obtained from a warrantless

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

search of his temporary residence. The district court denied the motion. In April 1993, Rosquete was rearraigned and entered a plea of guilty to the single count charged in the indictment. On July 12, 1993, the district court sentenced him to a term of 240 months imprisonment to be followed by ten years of supervised release and ordered him to pay a $50 special assessment. Although Rosquete timely filed his notice of appeal, this court dismissed the appeal for failure to file a timely appellate brief.

Represented by retained counsel, Rosquete filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He argued that he received ineffective assistance of counsel because counsel 1) provided Rosquete legally incorrect and misleading information in advising him to plead guilty and 2) failed to file a timely appellate brief, resulting in the dismissal of his direct appeal. The district court denied Rosquete's motion on February 5, 1996. Rosquete did not file a notice of appeal until July 12, 1996. This court dismissed the appeal for lack of jurisdiction based on the untimely filing of the notice of appeal.

On the same day that Rosquete's attorney, Jeffrey A. Denner, filed the notice of appeal, he filed a motion for reconsideration along with an affidavit explaining that he had not received a copy of the district court's February judgment and that he only learned of the judgment in late June when he contacted the district court clerk's office. The affidavit indicates that the clerk's office sent the judgment to Rosquete's trial counsel instead of Denner. Denner also filed a Motion to Correct Docket and to Permit Filing of a Notice of Appeal along with the notice of appeal.

On August 20, 1996, the district court entered an order stating: "The motion to reconsider modification of Rosquete's sentence is deemed to have been filed on February 1, 1996." The court also stated that it would not modify Rosquete's sentence and corrected the docket sheet to reflect that

2

Denner was the correct counsel of record. This court dismissed Rosquete's appeal as untimely on September 5, 1996, stating in relevant part "[i]n this 28 U.S.C. § 2255 proceeding, the district court entered an order denying the motion to vacate on February 5, 1996. Therefore, the final day for filing a timely notice of appeal was April 5, 1996." On October 11, 1996, Denner filed a notice of appeal stating:

> Pursuant to Fed.R.App.P. 3 and 4, the petitioner notifies the court and the parties that he intends to appeal from the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence and the order of this court entered on August 25, 1996, denying his motion to reconsider that motion.

On June 25, 1997, this court granted Rosquete's request for a certificate of appealability (COA) on the issue of whether he received ineffective assistance of counsel based on his contention that his attorney failed to file an appellate brief, resulting in this court's dismissal of his direct appeal. In the order granting COA, the court also directed the parties to address: 1) whether Rosquete's notice of appeal was timely under Fed.R.App.P. 4(a)(1), (5), or (6); and 2) whether the district court had the authority to deem Rosquete's July 12, 1996, motion for reconsideration filed as a timely Fed.R.Civ.P. 59(e) motion on February 1, 1996, or whether Rosquete was entitled to rely on the court's doing so.

We find that Rosquete's notice of appeal was untimely. As the time limitation for filing a notice of appeal is jurisdictional, and the lack of a timely notice mandates dismissal, we hereby dismiss Rosquete's appeal.

## DISCUSSION

As noted above, our determination in this case rests upon whether this court has jurisdiction over Rosquete's appeal. This court previously dismissed Rosquete's appeal based on the untimely

July 12, 1996 notice of appeal of the district court's February denial of his § 2255 motion. Rosquete's motion to reopen the time to appeal was premised upon the fact that he had not received notice from the district court clerk's office of the entry of the February judgment denying his § 2255 motion. Fed. R. Civ. P. 77(d) states

> Lack of notice of the entry by the clerk [of an order or judgment] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

This court has recognized that implicit in Rule 77(d) "is the notion that parties have a duty to inquire periodically into the status of their litigation." Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir. 1993).

By deeming Rosquete's July 12th motion for reconsideration as filed in February 1996, the district court presumably was attempting through Fed. R. App. P. 4(a)(6) to allow Rosquete a new time within which to appeal because of the clerk's office error.[1] Rule 4(a)(6) states:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

---

[1]Although Rosquete did not refer to his motion as one brought pursuant to Rule 4(a), the rule contains "the only exception[s]" to the rule that a party must file a timely notice of appeal whether or not he receives notice of the entry of an order, Latham, 987 F.2d at 1201-02 (interpreting Fed. R. Civ. P. 77(d) and Fed. R. App. P. 4(a)(5), (6)), and Rosquete stated in the motion that he sought to reopen the time for appeal. Rule 4(a)(5)—which provides relief based upon a showing of excusable neglect—affords no basis for relief here as it requires that the motion be filed "not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Rosquete did not file his motion until approximately four months after Rule 4(a)'s 30-day period had expired.

Even in light of Rule 4(a)(6), failure to receive notice of entry of an order or judgment does not justify a district court's grant of Fed. R. Civ. P. 60(b) relief to extend the time for appeal. Latham, 987 F.2d at 1204-05 and n.9. This rule, however, does not apply to a party whose attorney "had not relied on the clerk to give notice of the entry of the judgment but had been diligent in attempting either to delay its entry or to inquire about the status of the case. Id. at 1205 (quoting Wilson v. Atwood Group, 725 F.2d 255, 258 (5th Cir.) (en banc), cert. dismissed, 468 U.S. 1222 (1984)).

In this case, the court need not determine whether the record indicates that counsel for Rosquete "show[ed] more than mere reliance on the clerk to give notice," Wilson, 725 F.2d at 258, in order that Rule 4(a)(6) might provide relief.[2] Even assuming its availability, Rosquete has failed to comply with the rule's requirements. Although Rosquete's motion was filed within 180 days of the entry of the judgment denying his § 2255 motion, it appears that he did not file the motion to reopen within seven days of receiving notice of the entry of the judgment. In the affidavit counsel filed in support of his motion, he stated that he received notice of the entry of the judgment in "late June" 1996. This does not account for the filing of his motion to reopen on July 12, 1996—at least twelve days after he received notice of the entry of the judgment. It is irrelevant that Rosquete's attorney attested in his certificate of service that he served the motion on July 5th. Rule 4(a)(6) specifically indicates that the motion must be filed within seven days of notice of entry of the judgment. Because the rule requires that counsel file the motion to reopen within 180 days of entry of the judgment or within 7 days of receipt of notice of the entry, "whichever is earlier," Rosquete's

---

[2]The record indicates that Rosquete's attorney was in essentially the same position as the attorneys in Atwood and Latham. The record indicates that counsel relied wholly upon the clerk to give notice of a judgment on Rosquete's § 2255 motion. See Latham, 987 F.2d at 1205. Only when counsel contacted the clerk's office six months after filing the § 2255 motion did he discover that the court had ruled on the motion.

motion to reopen was not timely filed.

Additionally, counsel did not file his new notice of appeal within 14 days of the date of entry of the district court's order reopening the time for appeal. Because the district court's order was entered on August 20, 1996, under Rule 4(a)(6), the final day for filing a timely notice of appeal was September 3, 1996. Rosquete filed his notice of appeal on October 11, 1996, well beyond the prescribed time. Therefore, even if the district court had the authority to reopen the time for noticing an appeal, the notice itself was untimely. The time limitation for filing a notice of appeal is jurisdictional, and the lack of a timely notice mandates dismissal of the appeal. See Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985).

Because we conclude that we do not have jurisdiction over Rosquete's appeal, we do not consider the issue whether his ineffective assistance of counsel claim has merit. For the foregoing reasons, we hereby dismiss Rosquete's appeal.